[No. 11792. Department Two. August 10, 1914.]

The State of Washington, *Appellant*, v. Elida Knutson, *Respondent*.[1]

Nuisance—Pleading—Complaint—Caption—Materiality. There is no defect of parties plaintiff, in an action charging defendant with maintaining a nuisance, because the caption failed to show that the action was brought "upon the relation of the prosecuting attorney" as provided by 3 Rem. & Bal. Code, § 946-2, but the complaint will be held sufficient where the first paragraph recites "Comes now M., deputy prosecuting attorney of Kitsap county, Washington . . . in the name of and by the authority of the state of Washington, complains of said defendant, as follows, to wit, etc."; since the omission is clearly supplied by allegations in the body thereof clearly affixing to plaintiff his representative character.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered December 23, 1913, dismissing an action to restrain a nuisance, upon sustaining a demurrer to the complaint. Reversed.

*F. W. Moore*, for appellant.

*Gill, Hoyt & Frye*, for respondent.

[1]Reported in 142 Pac. 444.

Mount, J.—This appeal is from an order sustaining a demurrer to a complaint and dismissing the action. The state has appealed.

The action was brought by the prosecuting attorney of Kitsap county, charging the defendant with maintaining a nuisance under § 1, ch. 127, Laws of 1913, p. 391 (3 Rem. & Bal. Code, § 946-1). The caption of the complaint is as follows: "State of Washington, Plaintiff, v. Elida Knutson, Defendant." The first paragraph of the complaint is as follows:

"Comes now R. M. Morford, Deputy Prosecuting Attorney of Kitsap County, Washington, duly appointed and qualified, in the name of and by the authority of the State of Washington, complains of said defendant, Elida Knutson, as follows, to wit:"

Then follows an allegation charging the maintenance of a nuisance and the prayer for restraining the nuisance, etc. The defendant appeared to the complaint and filed a demurrer thereto upon two grounds, viz.:

"1.    That there is a defect of party plaintiff.
"2.    That the complaint does not state facts sufficient to constitute a cause of action against the defendant."

The defendant did not prosecute this demurrer with diligence, and it was overruled for want of prosecution. The defendant thereafter answered and denied generally the allegations of the complaint. The case came on for trial upon the issues made by the complaint and answer, and the defendant at that time, by leave of court, renewed her demurrer on the ground of defect of parties plaintiff. This demurrer was sustained by the court, and leave of the prosecuting attorney to amend the complaint was denied. The action was thereupon dismissed.

The appellant argues three or four questions in the brief, among them, that the court erred in denying its right to amend and that the filing of the answer was a waiver of the demurrer. We shall not notice these questions, because they

are unimportant in view of our conclusion upon the one now to be noticed.

The trial court was of the opinion that there was a defect of parties, because, in the title of the case, it was not stated, The State of Washington "upon the relation of the prosecuting attorney of Kitsap county," and for that reason sustained the demurrer. The statute at § 2 (Id., § 946-2) provides:

"Whenever a nuisance exists, as defined in this act, the prosecuting attorney or any citizen of the county may maintain an action in equity in the name of the state of Washington upon the relation of such prosecuting attorney or citizen, to perpetually enjoin said nuisance  .  .  ."

The caption to the action in this case is "State of Washington, Plaintiff, v. Elida Knutson, Defendant." The complaint shows that it is prosecuted by the state upon the relation of the deputy prosecuting attorney of Kitsap county. The very first paragraph of the complaint as set forth above so states. There is no magic in the caption to an action, especially where the body of the complaint itself shows who the parties are and the capacity in which the action is prosecuted or defended. It is true, as argued by the respondent, that the statute says that the prosecuting attorney may maintain an action in equity in the name of the state of Washington "upon the relation" of such attorney. But if the caption is insufficient, and that insufficiency is supplied by allegations in the complaint, the complaint is certainly sufficient. In other words, the character in which the party sues is determined, not from the description which he gives himself in the caption, but from the body of the complaint. The averments in the complaint are sufficient to affix to the plaintiffs their proper representative character, and when that appears in the body of the complaint, an erroneous description in the caption is immaterial. *Knox v. Metropolitan El. R. Co.*, 12 N. Y. Supp. 848.

We are satisfied, therefore, that the complaint shows that the action is prosecuted in the name of the state of Wash-

ington, upon the relation of the deputy prosecuting attorney of Kitsap county, and the complaint was therefore clearly sufficient, and there was no defect of parties.

The judgment of the trial court is therefore reversed, and the cause remanded for further proceedings.

Crow, C. J., Parker, Morris, and Fullerton, JJ., concur.